1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    David Trevino                                    No. CV-18-03369-PHX-DLR (ESW)
                        Petitioner,
10                                                     **ORDER**
     v.
11
     Charles L Ryan, et al.,
12
                        Respondents.
13

14

15          Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge

16   Eileen S. Willett (Doc. 22) regarding Petitioner's Amended Petition for Writ of Habeas

17   Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 10). The R&R recommends that the

18   Amended Petition be denied and dismissed with prejudice. The Magistrate Judge advised

19   the parties that they had fourteen days from the date of service of a copy of the R&R to file

20   specific written objections with the Court. (Doc. 22 at 10.) Petitioner filed an objection to

21   the R&R on October 17, 2019 (Doc. 26) and Respondents filed their response on October

22   22, 2019 (Doc. 28).

23          The Court has considered the objections and reviewed the R&R *de novo*. *See* Fed.

24   R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found that the

25   Petitioner's claims are procedurally defaulted because Petitioner failed to exhaust available

26   state remedies. Grounds One, Two, and Three (challenges to the effectiveness of

27   Petitioner's trial counsel during sentencing) are claims that must be raised in a state petition

28   for post-conviction relief ("PCR"). As correctly explained in the R&R, Petitioner failed to

raise those claims in his state PCR and is unable to timely file a second PCR in state court raising those grounds. *See* Ariz. R. Crim. P. 32.1 and 32.4.

Ground Four (a constitutional challenge to Petitioner's sentence) is a claim that must be raised in the Arizona Court of Appeals. Petitioner did not present the claim stated in Ground Four to the Arizona Court of Appeals. The R&R correctly explained that the Petitioner is precluded from raising this claim in state court because the time for appeal has expired and a second PCR would fail because Ground Four is a claim that Petitioner could have raised and adjudicated on direct appeal. Ariz. R. Crim. P. 32.2(a)(3).

In his objection, Petitioner argues that, contrary to the findings of the R&R, he raised in a PCR the claims of ineffective assistance of counsel now raised in his Amended Petition. He claims he filed a PCR raising these issues on August 23, 2018. However, there is no PCR in the record filed on August 23, 2018, and no PCR filed any time near that date. In his Amended Petition, Petitioner references only one PCR. That is the same, and only, PCR found in the record—the PCR dismissed by the state trial court on August 21, 2017. There is no mention in the record or in the Amended Petition of a PCR filed on August 23, 2018.

Assuming, however, that PCR had been filed, the claims in the PCR described by Petitioner in his objection are different than the claims made in his Amended Petition. He describes his alleged August 23, 2018 PCR as raising claims of ineffective assistance of PCR counsel, not trial counsel or appellate counsel, as alleged here. Even if there were a constitutional right to competent PCR counsel,[1] ineffective assistance of PCR counsel is not a claim alleged in any ground raised in the Amended Petition. Petitioner may not raise new grounds for relief for the first time in an objection to an R&R.

---

[1] Although there is yet no recognized right to counsel in PCR proceedings, in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court noted that when PCR proceedings are the defendant's first opportunity to challenge the ineffective assistance of trial counsel, as they are in Arizona, they amount to the defendant's only appeal on such a claim. The Supreme Court recognized a narrow equitable exception under which ineffective assistance of PCR counsel may establish cause for the procedural default of an ineffective assistance of trial counsel claim, but left open the question of whether a constitutional right to effective PCR counsel exists under such circumstances. *Id.* at 1315.

Petitioner's objection to the R&R does not establish that he exhausted his available state remedies. The R&R correctly decided that Petitioner's habeas claims are procedurally defaulted. The Court therefore accepts the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1)

**IT IS ORDERED** that the R&R (Doc.22) is **ACCEPTED**. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 10) with prejudice and shall terminate this action.

Dated this 23rd day of December, 2019.

Douglas L. Rayes
United States District Judge